*In re* ESTATE OF RUSSELL MARSHALL, Deceased (Mabelle Veatch, Ex'r, Petitioner-Appellant, v. Estate of Russell Marshall, Respondent-Appellee).

Fourth District    No. 4—87—0580

Opinion filed March 30, 1988.

Karl B. Kuppler, Dean B. Rhoads, and Wilson C. Washkuhn, all of Sutkowski & Washkuhn Associates, of Peoria, for appellant.

Quinn, Johnston, Henderson & Pretorius, of Peoria (Rebecca S. Riddell and Mary W. McDade, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This appeal stems from the circuit court's award of executor and attorney fees for services rendered in the probate of the estate of Russell Marshall. Mabelle Veatch was named executor under the terms of the will of Marshall. In her capacity as executor, Veatch retained the law firm of Pioletti & Pioletti (Pioletti) and then subsequently Sutkowski & Washkuhn (Sutkowski) to perform necessary legal services. The court authorized payment of executor fees and attorney fees in amounts which were significantly less than requested. Following reconsideration of the order and affirmance of the amounts authorized, Veatch and Sutkowski appeal the circuit court's award of fees.

The petitioner maintains the orders authorizing fees: (1) were the result of a misapplication of the law; and (2) failed to consider that the beneficiaries consented to fees as originally requested.

We affirm.

Russell Marshall died testate on July 11, 1983. His estate, as valued for Federal income tax purposes, amounted to approximately $800,000. On August 15, 1983, Mabelle Veatch was appointed executor pursuant to the terms of the will. On August 23, 1983, Veatch retained Pioletti to perform legal services, paying an initial fee of $3,000.

Pioletti opened the estate, prepared an affidavit declaring heirship for approximately 61 heirs, and filed an inventory of assets. On November 29, 1983, Veatch terminated Pioletti's services. Pioletti submitted a bill for legal services in the amount of $5,621.10. An offset of the $3,000 retainer paid resulted in an outstanding balance due of $2,621.10.

Evidence indicated that Veatch had previously served as executrix of the estate of Russell Marshall's brother, Ralph Marshall, also with the legal assistance of Pioletti. Ralph had died on April 19, 1981, leaving Russell as the only heir to his $300,000 estate. Final distribution was made to Russell, and the estate was closed by order of discharge on August 4, 1983. After the discharge, an additional $3,959.80 for the administration of Ralph's estate was paid, without prior court authorization, from the estate of Russell Marshall. Veatch received $1,500 of that amount and the balance of $2,459.80 was paid to Pioletti.

After the termination of Pioletti's service to the Russell Marshall estate, Veatch hired Sutkowski effective November 29, 1983.

Three accountings were tendered to the court during the administration of the estate. The first covered the period from July 11, 1983, through May 17, 1984, and included the following disbursements:

| | |
|---|---|
| Pioletti (final attorney fees re Ralph Marshall's estate) | $ 2,459.80 |
| Mabelle Veatch (final payment re Ralph Marshall's estate) | $ 1,500.00 |
| Pioletti & Pioletti (partial attorney fees re Russell Marshall's estate) | $ 3,000.00 |
| Sutkowski & Washkuhn (partial attorney fees re Russell Marshall's estate) | $ 3,802.00 |
| Mabelle Veatch (reimbursement for expenses advanced) | $      59.07 |
| TOTAL | $10,820.87 |

On June 15, 1984, the circuit court approved this accounting.

The second accounting submitted included the period from May 18, 1984, to February 15, 1985, and included the following disbursements:

| | |
|---|---:|
| Sutkowski & Washkuhn (partial attorney fees) | $ 6,325.00 |
| Mabelle Veatch (reimbursement for expenses advanced) | $ 432.55 |
| TOTAL | $ 6,757.55 |

This accounting further proposed partial executor fees for Veatch in the amount of $18,000 and partial distribution of the will in the amount of $600,632.33. On March 11, 1985, following hearing, the court reserved ruling on the executor and attorney fees pending its receipt of substantiation from each, but otherwise approved the account.

On May 24, 1985, following the filing of substantiation of executor fees, the court approved 323.5 hours at a rate of $25 per hour for a total partial executor fee of $8,087.50.

On June 26, 1986, the final account was tendered to the court. It included the period from February 16, 1985, through June 16, 1986, and included payments of partial attorney fees to Sutkowski in the amount of $10,855. It also proposed an estimated final attorney fee of $1,600 and a final executor's commission of $9,500.

On June 30, 1986, a hearing was held, at which time testimony was heard on the proposed final fees for the executrix and all fees for the attorneys subsequent to May 17, 1984. At the time of this hearing, Veatch had actually received $8,087.50 and Sutkowski had received $20,982. By order entered the following day, the court, after reviewing documentation of time expended by Veatch, approved an additional 77.78 hours at $16.50 per hour ($1,497.37). The court then offset against this amount the $1,500 payment from Russell's estate to satisfy the executor fees in Ralph's estate and determined that Veatch had already been adequately compensated for her services. She received a total executor fee of $9,587.50.

With respect to attorney fees, the amount in issue included: $6,325 paid through February 15, 1985; $10,855 paid through June 16, 1986; and the $1,600 sought as a final fee. The total amount requested approximated $18,800. The court heard evidence and then requested additional itemization for billings after January 1985. On March 13, 1987, the court approved attorney fees in the amount of $10,039.84 for the period after the first current account. In total,

Sutkowski received fees of $3,802 from the first accounting period and $10,039.84 by the court's March 1987 order.

On April 10, 1987, Veatch filed a motion to reconsider alleging the trial court's failure to take into account the full scope, extent, and complexity of the work performed and the failure to apply the proper standards of law in awarding attorney fees and executor fees. On July 17, 1987, following reconsideration, the court affirmed its earlier order. The court specifically noted that each case is dependent upon the facts involved and the order herein was an accurate reflection of the full scope, extent and complexity of the case. The court additionally recognized that there was "no basis to conclude that a nonappearing beneficiary had 'approved' the fee request." Thus, the court concluded that the parties "either have no objection or have determined to rely on the court's determination as to the award of fees." From this order, Veatch and Sutkowski appeal.

■ Executors and attorneys representing executors are entitled to "reasonable compensation" for their services. (Ill. Rev. Stat. 1985, ch. 110½, pars. 27—1, 27—2.) The decision as to what constitutes reasonable compensation is a matter peculiarly within the province and discretion of the trial court. (*In re Estate of Thomson* (1986), 139 Ill. App. 3d 930, 487 N.E.2d 1193; *In re Estate of Rumoro* (1980), 90 Ill. App. 3d 383, 413 N.E.2d 70.) There is no clear-cut rule to guide the court in ascertaining what constitutes a reasonable fee, and consequently, the determination must be based on the facts and circumstances of the particular case before the court. (*In re Estate of Brown* (1978), 58 Ill. App. 3d 697, 374 N.E.2d 699.) In order for a reviewing court to alter a trial court's allowance of attorney fees, the court must find that the trial court's determination was manifestly or palpably erroneous. *In re Estate of Marks* (1979), 74 Ill. App. 3d 599, 393 N.E.2d 538.

■ The factors to be considered in determining the amount of compensation include: the size of the estate, the work involved, the skill evidenced by the work, time expended, the success of the efforts involved, and the good faith and efficiency with which the estate was administered. (*Thomson*, 139 Ill. App. 3d at 939, 487 N.E.2d at 1200.) Additionally, the court may take into consideration its own knowledge of the value of the services rendered. (*Rumoro*, 90 Ill. App. 3d 383, 413 N.E.2d 70.) In exercising its judicial discretion, the court is not governed by expert testimony regarding the value of services, but should utilize independent judgment in determining the amount of remuneration. *Brown*, 58 Ill. App. 3d at 707, 374 N.E.2d at 707.

■ Following a careful review of the record herein, we cannot

say that the trial court's determination of fees was erroneous. Although the estate was substantial in size, as noted by the circuit court, it was not overly complex. The court specifically noted that it was authorizing payment of executor fees in an amount which was higher than usual ($25) based upon the nature of the work performed by Veatch. The court only deleted those hours claimed by Veatch which were clearly excessive or redundant. The court carefully reviewed all records presented and independently evaluated the nature of the work performed.

■ With respect to attorney fees, the court carefully reviewed all records submitted and reduced the hourly amounts claimed based on the past experience of the court. It was within the discretion of the court, based upon its past experience, to reduce the hourly amount charged. It is clear that the court took into account the full scope, complexity, and nature of the estate presented. The petitioners assert that the trial court used an arbitrary maximum in setting fees. Both the record and orders of the court show the assertion to be without merit.

■ Petitioners further allege that the court erred in reducing the amount of fees because the beneficiaries had consented to the amount requested. As properly noted by the circuit court, however, there was no evidence to indicate that the beneficiaries had in fact approved the fee request. The responsibility for setting fees in an estate proceedings lies with the trial court. The trial court's order was not arbitrary or manifestly erroneous, nor was there an abuse of discretion.

Based on the foregoing, the orders of the circuit court of Woodford County are affirmed.

Affirmed.

GREEN, P.J., and KNECHT, J., concur.